IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-718-FDW
3:02-cr-242-FDW-5

| | |
|---|---|
| TROY LAMAR MORTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review Petitioner's pro se motion to vacate, set aside or correct sentence, which he filed pursuant to 28 U.S.C. § 2255. See Rule 4(b) of the Rules Governing Section 2255 Proceedings.

On July 10, 2003, Petitioner pleaded guilty one count of conspiracy to possess with intent distribute cocaine, methamphetamine, and marijuana, all in violation of 21 U.S.C. § 841(a)(1). Petitioner was sentenced to a term of 240-months' imprisonment. (3:02-cr-242, Doc. No. 185: Judgment). Petitioner did not appeal.

On November 10, 2004, Petitioner filed a pro se § 2255 motion raising claims of ineffective assistance of counsel which he argued rendered his guilty plea unknowing and involuntary. The Court dismissed the motion after finding that the claims presented were without merit. See Morton v. United States, No. 3:04-cv-566-GCM (W.D.N.C. Apr. 26, 2005). Petitioner next filed what he considered a Rule 60(b) motion, however the Court found that it was in fact an authorized § 2255 motion under 28 U.S.C. § 2244, and the motion was dismissed on that basis. See Morton v. United States, No. 3:05-cv-470-GCM (W.D.N.C. Nov. 15, 2005), appeal dismissed, 211 F. App'x 235 (4th Cir. Jan. 3, 2007) (unpublished). On March 7, 2006, Petitioner

1

filed yet another motion which the Court again construed as an unauthorized, successive § 2255 motion and it was therefore dismissed. See Morton v. United States, No. 3:06-cv-128-GCM (W.D.N.C. Mar. 20, 2006), and the Fourth Circuit dismissed his appeal.

On July 22, 2013, Petitioner filed another collateral attack, this time actually filing it as a § 2255 motion, and this action was dismissed as unauthorized. See Morton v. United States, No. 3:13-cv-419-FDW (W.D.N.C. July 26, 2013). Petitioner did not appeal. In the present § 2255 motion, Petitioner again attacks the validity of his criminal judgment.

As has been explained many times and again in Petitioner's cases, the Antiterrorism and Effective Death Penalty Act ("AEDPA"), provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

>  (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
>  (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner has provided no evidence that he has secured authorization from the Fourth Circuit to file a successive § 2255 motion, therefore this Court is without jurisdiction to consider the merits of this successive Section 2255 motion and it will be dismissed. See, e.g., In re Vial, 115 F.3d 1192 (4th Cir. 1997) (en banc); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 motion is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED**.

Signed: February 12, 2015

Frank D. Whitney
Chief United States District Judge